David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969
Tel: 631.287.5520
Fax: 631.283.4735
Email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Avenue 2A
New York, New York 10075
Tel: 323.790.4881
Email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE, | No. __No. 17 Civ. 2273__ |
| Plaintiff, | (ECF Case) |
| v. | |
| WESTERN ASSET VARIABLE RATE STRATEGIC FUND INC., | **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)** |
| Nominal Defendant, | |
| and | |
| RELATIVE VALUE PARTNERS LLC, RELATIVE VALUE PARTNERS GROUP, LLC, and JOHN DOES 1 THROUGH 20, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEBORAH DONOGHUE**, by David Lopez, Esq. and Miriam Tauber, Esq., her

attorneys, complaining of the Defendants, respectfully alleges the following upon information

and belief, except as to Paragraph 3, which Plaintiff alleges on personal knowledge:

1

## JURISDICTION AND VENUE

1.      This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

2.      Venue is correct in this District. WESTERN ASSET is headquartered and domiciled within the District. At all times relevant, the common stock of WESTERN ASSET was and is traded on the New York Stock Exchange, a national securities exchange located and headquartered within this District. One or more of the transactions that are the subject of this action took place upon that Exchange.

## THE PARTIES

3.      Plaintiff is a New York resident and a security owner of WESTERN ASSET VARIABLE RATE STRATEGIC FUND INC. ("WESTERN ASSET" or the "Fund").

4.      WESTERN ASSET is a Maryland Corporation with principal offices at 620 8th Avenue, 49th Floor, New York, New York 10018. WESTERN ASSET is registered as a non-diversified, closed-end investment management company under the Investment Company Act of 1940, as amended. This action is brought in the right and for the benefit of WESTERN ASSET, which is named as a party defendant solely in order to have all necessary parties before the Court.

5.      Defendants RELATIVE VALUE PARTNERS LLC ("RVP") and RELATIVE VALUE PARTNERS GROUP, LLC ("RVP GROUP") (collectively, the "RVP Defendants") are affiliates of the same "wealth management" or "investment advisory" firm. RVP GROUP was established to succeed RVP as the beneficial owner with sole voting and investment authority of

the WESTERN ASSET shares held for the benefit of the firm's clients. The RVP Defendants

maintain principal offices at 1033 Skokie Blvd., Suite 470, Northbrook, IL 60062.

6.      Defendants JOHN DOES 1 THROUGH 20 (the "JOHN DOE Defendants") were

or are advisory clients of Defendant RVP prior to July 1, 2015, and subsequent to that date, of

RVP's affiliate and successor entity, Defendant RVP GROUP. The identities of the JOHN DOE

Defendants will need to be established through discovery, and they will need to be named as

Defendants and subjected to the jurisdiction of the Court through service of one or more

Supplemental Summonses and Amended Complaints.

## STATUTORY REQUISITES

1.      The violations of Section 16(b) of the Act to be described herein involve non-

exempt securities in non-exempt transactions engaged in by non-exempt persons within the

meaning of the Act.

2.      WESTERN ASSET is subject to the strictures of Section 16 of the Act pursuant to

Section 30(h) of the Investment Company Act, 15 U.S.C. § 80a-29, and applicable SEC Rules.

*See* 17 C.F.R. § 270.30h-1.

3.      At all relevant times, one or both of the RVP Defendants were members of a

Section 13(d) "Group," within the meaning of Sections 13(d) and 16 of the Act, with their JOHN

DOE clients. The "Group," which as further referred to herein consists of all Defendants, *or* of

any JOHN DOE Defendant and any RVP Defendant, collectively beneficially owned more than

10% of the outstanding shares of WESTERN ASSET common stock under the common control

of the RVP Defendants. All Defendants, as individual members of a 10% beneficial ownership

Group, were or are individual "insiders" and fiduciaries of WESTERN ASSET subject to Section

16, and required to comply with the statutory reporting and strict short swing profit disgorgement requirements.

4.      Demand for prosecution was made by Plaintiff on WESTERN ASSET on January 8, 2016. An officer acting for WESTERN ASSET has informed Plaintiff's counsel in writing that WESTERN ASSET will not attempt to effect a recovery. Further delay in the filing of suit would be a futile gesture.

5.      This action is brought within two years of the occurrence of the violations to be described herein, or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of, were first filed with the Securities & Exchange Commission (SEC).

**BACKGROUND**

6.      Prior to July 1, 2015, shares of WESTERN ASSET held by the JOHN DOE Defendants were under common control and management of RVP, which was vested with the sole power to acquire, hold, vote, and dispose of the shares of WESTERN ASSET on behalf of the "Group" thereby formed by (and/or among) each JOHN DOE Defendant client and RVP.

7.      On July 1, 2015, RVP GROUP succeeded RVP as a member and as head of the Group with the sole power to acquire, hold, vote, and dispose of shares of the Group's WESTERN ASSET shares.

8.      A purpose of the Group was, in the words employed by RVP GROUP at Item 4 to its Schedule 13D Amendment No. 1, filed on or about December 11, 2015:

> "As a secondary measure, the Reporting Person [RVP GROUP] has also acquired Shares of the Issuer [WESTERN ASSET] with the aim of exerting influence over the Board of Directors of the Issuer."

4

9.     As a result of the Group's admitted control purpose at least as of July 1, 2015, when RVP GROUP was established to succeed RVP's management of the Group's collective WESTERN ASSET investment, the RVP Defendants, and all of their clients as Group members, were ineligible to claim the benefit of the "registered investment advisor" beneficial ownership exclusion and Section 16 exemption that might otherwise have been available to any of them under SEC Rule 16a-1(a), 17 C.F.R. § 240.16a-1. As such, RVP GROUP and all of its JOHN DOE clients are individually subject to Section 16(b), and each Defendant is strictly liability for short swing trading profits derived from any WESTERN ASSET securities transactions undertaken by RVP GROUP on their behalf and for their benefit.

10.     In pursuit of their concerted control purpose, and for the benefit of the Group (and individual JOHN DOE Defendants as Group members), representatives of RVP GROUP communicated through personal meetings, and in writings, with representatives of the Board of Directors of WESTERN ASSET to, *inter alia*, pressure the latter to tender for outstanding shares of WESTERN ASSET up to an amount equal to 30% of outstanding shares, at a premium to contemporaneous open market value.

11.     RVP GROUP'S efforts on behalf of the Group to influence the Board of Directors of WESTERN ASSET were successful, and, as a result of these efforts, RVP (including on behalf of RVP GROUP and other controlled affiliates), entered into a Tender Offer and Standstill Agreement with WESTERN ASSET on October 21, 2015, pursuant to which WESTERN ASSET agreed to initiate a tender offer for up to 30% of the outstanding Shares at a premium to market price, and RVP GROUP agreed to vote the Group's shares in accordance with the recommendations of WESTERN ASSET'S Board of Directors for a period of three years. Additional provisions limited (in various respects, depending on the circumstances), RVP

GROUP'S ability to exercise its investment and voting authority over the Group's collective shares for purposes hostile to WESTERN ASSET's management.

## FIRST CLAIM FOR RELIEF

12.     On or about November 30, 2015, RVP GROUP, acting on its own behalf, and on behalf of the Group and some or all of the Defendants as Group members, tendered and sold a total of 784,788 shares of WESTERN ASSET common stock to WESTERN ASSET for a total reported sale price of $13,442,255.41 (or an average sale price of $17.13 per share), as reported by RVP GROUP in Schedule 13D beneficial ownership reports filed with the SEC on December 11, 2015, and January 7, 2016**.**

13.     Within periods of less than six months surrounding the adoption of the Group's control purpose as of July 1, 2015, as disclosed by the Group and described in Paragraphs 8-11, above, and the tender and sale described in Paragraph 12 above, RVP GROUP, in its own right and/or as successor to RVP and assignee of RVP's positions in WESTERN ASSET shares held on behalf of the Group, and acting on its own behalf and on behalf of the Group and some or all of the Defendants as Group members, purchased and sold shares of WESTERN ASSET common stock on the dates and at the average transaction prices disclosed in Schedules 13D reports filed by the RVP Defendants with the SEC on May 21, 2015, June 8, 2015, June 23, 2015, and December 11, 2015. Defendants' transactions, including the sale described in Paragraph 12 above, as disclosed, are consolidated for reference at Exhibit A to this Complaint.

14.     Short swing profits recoverable by WESTERN ASSET (or by Plaintiff on its behalf) from each of the Defendants are calculated using the "lowest in, highest out" method prescribed under Section 16(b), by matching purchases of WESTERN ASSET stock by the RVP Defendants on behalf or for the benefit of any of their JOHN DOE Defendant clients, against

higher-priced sales within any period of less than six months in the same JOHN DOE Defendant's client account. Some or all of the purchases and sales yielded short swing profits to members of the Group, including the RVP Defendants and each JOHN DOE Defendant, which are recoverable from each Defendant according to their respective pecuniary interests in the shares purchased and sold, in amounts to be determined through discovery.

15.     The RVP Defendants were charged with the sole authority, and therefore the responsibility, to ensure that all transactions in WESTERN ASSET stock executed on account or for the benefit of any of their JOHN DOE Defendant clients and Group members complied with the short swing trading restrictions of Section 16. The RVP Defendants must accordingly disgorge, on behalf of each JOHN DOE Defendant, the sum total of the short swing profits calculated for (and allocated to) each JOHN DOE Defendant's client account. Additionally, as Group members and individual Section 16(b) "insiders," each of the JOHN DOE Defendants have a separate, independent obligation to disgorge short swing profits realized in, or allocated to, their respective accounts without duplicating the RVP Defendants' disgorgement from the same transactions.

16.     Based on the limited disclosed terms of the Group's transactions during the six-month periods surrounding the RVP Defendants' acknowledged adoption and pursuit of control intentions on behalf of the Group, total short swing profits realized by the Group from the transactions described in Paragraphs 12 and 13 are estimated to exceed $100,000 (*see* Ex. A).

17.     Short swing profits calculated and allocated to each Defendant as described and estimated in Paragraphs 12-16 and Exhibit A are recoverable on behalf of WESTERN ASSET by Plaintiff as one of its shareholders, management having failed or refused to act in its own right and for its own benefit in a timely manner.

## SECOND CLAIM FOR RELIEF

18.     This Second Claim for Relief is a precaution against probable errors and omissions of details attributable to inaccuracies in the public record, or the discovery of additional trades undertaken by any of the Defendants in violation of Section 16(b) during the course of this action. None of the Defendants has filed any Form 4 report with the SEC disclosing their insider status with respect to WESTERN ASSET or their transactions in WESTERN ASSET securities, as required by Section 16(a) of the Act.

19.     The Group, and some or all of the Defendants as Group members, may be liable for additional short swing profits realized from undisclosed WESTERN ASSET securities transactions during periods of less than six months, beginning on the first date (to be established via discovery), on which their shares under common control of the RVP Defendants constituted, in the aggregate, more than 10% of the outstanding shares of WESTERN ASSET common stock, and on which the RVP Defendants' had an adopted control purpose or were otherwise subject to Section 16(b).

20.     Following the completion of the tender and sale described in Paragraph 12, RVP GROUP filed Schedule 13G "short form" beneficial ownership reports with the SEC in which RVP GROUP claimed that the Group now lacked a "control purpose" with respect to WESTERN ASSET, and accordingly invoked its status as a "registered investment adviser" for disclosure purposes under the Act. RVP GROUP's characterization of its motivations with respect to the Group's WESTERN ASSET investment does not dictate the legal "control" effect of the RVP Defendants' actions and agreements. Moreover, the intent of any Defendant to violate the short swing trading statute, or any disclosure provision of the Act, is not relevant to Plaintiff's Section 16(b) claim.

21.     Notwithstanding RVP GROUP'S disclaimer of control ambitions following the RVP Defendants' successful and profitable tender offer campaign on behalf of the Group, as described and alleged in Paragraphs 10-13 above, the Standstill Agreement between the RVP Defendants and WESTERN ASSET described in Paragraph 11, *which remains outstanding,* evidences RVP GROUP's continuing intention *and obligation* to vote and invest the WESTERN ASSET shares held by the Group and under its common and exclusive control in a concerted manner, in furtherance of the Group's collective purpose and for each Group member's individual financial benefit. The Standstill Agreement thus establishes the Group's continued existence, in view of the management-oriented or "control" purpose spearheaded by the RVP Defendants, as expressly or implicitly authorized and agreed by each of their JOHN DOE clients and Group members.

22.     Due to the Group's continued control purpose, and continued collective beneficial ownership of more than 10% of the outstanding shares of WESTERN ASSET common stock (as disclosed in RVP GROUP's most recent Schedule 13G filed on February 10, 2017), all JOHN DOE client Defendants remain members of a 10% beneficial ownership Group with RVP GROUP, and all Defendants remain subject to Section 16, and ineligible for any exemption under Rule 16a-1, on an ongoing basis.

23.     RVP GROUP'S (improperly) limited, post-tender Schedules 13G disclosures filed on February 16, 2016 and Feburary 10, 2017, reflect an overall decrease in the Group's collective beneficial ownership of WESTERN ASSET shares following the completion of the tender and sale, and thus the existence of unreported sales of WESTERN ASSET common stock by RVP GROUP on behalf of one or more JOHN DOE clients since December 2015. Due to each Defendant's failure to comply with Section 16 disclosure requirements, the details of these

transactions (among others) must be elicited through discovery. The Group's extensive and voluminous trading during the period leading up to the tender history (*see* Ex. A) further suggests that discovery may also reveal undisclosed purchase transactions among the undisclosed sales during this time period.

24.     All Defendants are strictly liable for any additional short swing profits realized from undisclosed transactions occurring in any period not barred by the statute of limitations. Additional profits realized by any Defendant, in exact amounts unknown to Plaintiff to be determined in discovery, inure to the benefit of WESTERN ASSET and are recoverable by Plaintiff on its behalf.

**WHEREFORE**, Plaintiff demands judgment:

a)     Requiring each Defendant to account for and to pay over to WESTERN ASSET the short swing profits realized and retained in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b)     Awarding to Plaintiff her costs and disbursements, including reasonable attorneys', accountants and expert witness fees; and

c)     Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
            March 29, 2017                          Respectfully submitted,

                                                            _____
                                                            Miriam Tauber (MT-1979)
                                                            MIRIAM TAUBER LAW PLLC

                                                            David Lopez (DL-6779)
                                                            LAW OFFICES OF DAVID LOPEZ

                                                            *Attorneys for Plaintiff Deborah Donoghue*